Jodi K Swick No. 228634
**McDOWELL HETHERINGTON LLP**
1 Kaiser Plaza, Suite 340
Oakland, California 94612
Telephone:    510.628.2145
Facsimile:     510.628.2146
Email:          jodi.swick@mhllp.com

Attorneys for Plaintiff
PHL VARIABLE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL D. LACKIE, CHARISSA D. LACKIE AND THE TRUSTEE OF THE DENNIS A. LACKIE AND CAROL L. LACKIE DECLARATION OF TRUST DATED APRIL 17, 1997 AS AMENDED ON MARCH 29, 2018,<br><br>    Defendants. | Case No. 3:20-cv-06678-WHO<br><br>**JUDGMENT OF DISCHARGE IN INTERPLEADER IN FAVOR OF PLAINTIFF PHL VARIABLE INSURANCE COMPANY, AND ORDER DISMISSING ACTION AND FOR DISTRIBUTION OF LIFE INSURANCE POLICY DEATH BENEFIT**<br><br>Complaint Filed: September 23, 2020 |

Having read the Stipulation For Entry Of A Judgment Of Discharge In Interpleader In Favor Of Plaintiff PHL Variable Insurance Company, And Order Dismissing Action And For Distribution Of Life Insurance Policy Death Benefit ("the Stipulation") filed in this action, as well as Exhibit A to the Stipulation, the Declaration of Jerome A. Blaha In Support Of Order For Distribution Of Life Insurance Policy Death Benefit and the supporting Declaration of Jodi K. Swick, it appearing that this Court has jurisdiction of the parties and the subject matter, and good cause having been shown,

IT IS HEREBY ORDERED, ADJUDGED AND DETERMINED as follows:

///

1. PHL issued term life insurance policy No. T7541310, with a face amount of $100,000.00, to insure the life of Carol L. Lackie with a policy date of September 9, 2016 (the "Policy");

2. Daniel D. Lackie ("Daniel") is the owner of the Policy;

3. Daniel was designated as the primary beneficiary under the Policy and defendant Charissa D. Lackie ("Charissa") was designated as the contingent beneficiary under the Policy;

4. On November 25, 2018, Carol L. Lackie ("the Insured") died in Hayward, California and the $100,000.00 death benefit under the Policy ("the Death Benefit") became payable;

5. Daniel submitted a claim for the Death Benefit to PHL;

6. The Insured's amended death certificate states that her death was ruled a homicide by the Alameda County Coroner's Office and that her death was under investigation;

7. In the First Amended Complaint for Interpleader Relief ("FAC") [Dkt. 6], PHL alleges that it contacted the Hayward Police Department, who stated Daniel was actively being investigated by the Hayward Police Department as a person of interest in connection with the homicide of the Insured;

8. In the FAC, PHL alleges, on information and belief, that no one has yet been arrested or charged regarding the homicide of the Insured and the investigation into her homicide is ongoing;

9. In the FAC, PHL alleges, if it is determined that Daniel feloniously and intentionally killed the Insured, he would not be legally entitled to the Death Benefit and the Death Benefit may be payable to the Policy's contingent beneficiary, Charissa; the estate of the Insured; or the Dennis A. Lackie and Carol L. Lackie Declaration of Trust dated April 17, 1997 as Amended on March 29, 2018 ("the Trust"), citing to California Probate Code § 252;

10. Daniel is the Trustee of the Trust and the executor of the Insured's Estate;

11. Based on the information currently available to PHL, PHL contends that it cannot

determine whether Daniel's claim should be paid, cannot determine who is legally entitled to the Death Benefit and is unable to safely pay the Death Benefit without being exposed to multiple or double liability to the defendants in this action;

12. PHL contends two or more adverse claimants may claim to be entitled to the Death Benefit based on the determination that the Insured's death was a result of homicide and the current investigation of Daniel, the Policy's primary beneficiary and owner, by the Hayward Police Department;

13. PHL possessed a real and reasonable fear of double liability or conflicting claims related to the Death Benefit payable under the Policy;

14. On December 9, 2020, PHL filed the FAC naming as defendants Daniel and Charissa;

15. Daniel and Charissa have been served with the Summons and FAC [Dkts. 20, 20-1 and 22];

16. PHL is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the Death Benefit;

17. PHL is a citizen of the State of Connecticut; Daniel is a citizen of the State of California; and Charissa is a citizen of the State of Nevada;

18. The amount in controversy in this action exceeds $75,000.00, exclusive of attorneys' fees and costs, because the Policy has a death benefit of $100,000.00;

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, because PHL is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000.00, and pursuant to Federal Rule of Civil Procedure 22. "Federal Rule of Civil Procedure 22 permits interpleader actions if the amount in controversy exceeds $75,000 and if there is complete diversity between the stakeholder and all of the claimants, even if some of the claimants are citizens of the same state." *Prudential Ins. Co. v. Wells,* 2009 U.S. Dist. LEXIS 1457676, *1 (N.D. Cal. May 21, 2009);

20. PHL properly filed the FAC and stated a proper cause for interpleader;

21. The Defendants additionally represent that they have reached an agreement, attached

as Exhibit A to the Stipulation, between themselves as to the payment of the Death Benefit which resolves this action in its entirety and which agreement hereby is incorporated into this Judgment and Order;

22. PHL having properly brought this action and served Daniel, individually and as Trustee of the Trust, and Charissa (collectively "the Defendants"), the Defendants agree that PHL shall be discharged from any and all liability to the Defendants based upon and/or with respect to the terms of the Policy, the Death Benefit, the death of Carol L. Lackie, the filing of this action and/or the Defendants' claims for the Death Benefit payable under the Policy except as set forth herein and in the Defendants' Stipulation And Agreement As To Distribution Of Life Insurance Policy Death Benefit which is attached as Exhibit A to the Stipulation;

23. The Defendants shall be restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against PHL based upon and/or with respect to the terms of the Policy, the Death Benefit, the death of Carol L. Lackie, the filing of this action and/or the Defendants' claims for the Death Benefit payable under the Policy;

24. PHL is entitled to a stipulated judgment of discharge in interpleader in its favor in this action and as to the Defendants and each of them;

25. PHL has incurred reasonable attorney's fees and costs in bringing this interpleader action, serving the Defendants, participating in this litigation and drafting the necessary paperwork to resolve the litigation, and those attorney's fees and costs exceed the sum of $25,000.00;

26. The parties to this Stipulation agree PHL is entitled, in this action, to an award of attorney's fees and costs in the amount of $12,000.00 (twelve thousand dollars) and to be paid from the Death Benefit;

27. All parties are to bear their own fees and costs with respect to the Stipulation, the judgment of discharge in interpleader in favor of PHL, the dismissal of the action and the order regarding distribution of the Policy Death Benefit, except as set forth in

paragraph 26 above, which entitles PHL to an award of attorney's fees and costs in the amount of $12,000.00; and

28. The Court therefore orders as follows:

    a.  A judgment of discharge in interpleader in favor of PHL hereby is entered;

    b.  This action hereby is dismissed;

    c.  The Policy Death Benefit shall be paid and distributed as agreed by the Defendants and as set forth in the Defendants' Stipulation And Agreement As To Distribution Of Life Insurance Policy Death Benefit which is attached as Exhibit A to the Stipulation.

SO ORDERED AND ADJUDGED.

Dated: March 19, 2021

WILLIAM H. ORRICK
United States District Judge

JUDGMENT OF DISCHARGE IN INTERPLEADER IN FAVOR OF PLAINTIFF PHL VARIABLE INSURANCE COMPANY, AND ORDER DISMISSING ACTION AND FOR DISTRIBUTION OF LIFE INSURANCE POLICY DEATH BENEFIT